# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHOQ, LLC,
a Texas Limited Liability Company,

     Plaintiff,

v.                                                       No. 1:20-cv-00404-NF-KHR

HOLISTIC HEALING, LLC,
a New Mexico limited liability company, and
JOHN DOE, an individual,

     Defendants.

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

For its Amended Complaint and Demand for Jury Trial in this matter, Plaintiff Choq, LLC, by and through its attorneys Revision Legal, PLLC and Egolf + Ferlic + Martinez + Harwood, LLC, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Choq, LLC ("Choq") is a limited liability company organized under the laws of the State of Texas.

2. Defendant Holistic Healing, LLC ("Holistic Healing") is a limited liability company organized under the laws of the State of New Mexico with its principal place of business at 530-B Harkle Road, Ste. 100, Santa Fe, New Mexico 87505.

3. Defendant John Doe is, upon information and belief, the sole member of Defendant Holistic Healing.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

Choq's false advertising claim arises under the laws of the United States, namely the Lanham Act, 15 U.S.C. § 1125(a).

5. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

6. This Court has supplemental jurisdiction over Choq's state-law claims under 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because this is a judicial district in which Defendants reside.

8. Personal jurisdiction is proper over Defendants in this state because Defendants are residents of this State, Defendants transact business within this state, and because the exercise of personal jurisdiction over Defendants within this state would not offend traditional notions of fair play or substantial justice because Defendants have purposefully availed themselves of this forum state and the cause of actions asserted by Plaintiff arise from Defendants' activities here.

## PLAINTIFF'S BUSINESS

9. Choq is an Austin, Texas-based retailer of herbal supplement products.

10. Choq sells various herbal supplements under a variety of brand names, including Choq Daily, Choq Action, Choq Shilajit, Choq Seven Wonders, and Choq Irish Moss.

11. Choq goes to great lengths to source pure, precise, and scientifically-validated ingredients for its products to ensure that its products are of the highest quality on the market.

12. Choq Shilajit is one such product. It contains over forty (40) different minerals, Fulvic Acid, dibenzo-alpha-pyrones (DBPs), and DBP-Chromoproteins (DCP).

13. Choq Shilajit is also certified USDA Organic and contains exceptionally low levels of heavy metals.

## DEFENDANTS AND THEIR BUSINESS

14. Defendant Holistic Healing is a New Mexico limited liability company with a registered business address at 530-B Harkle Road, Ste. 100 in Santa Fe, New Mexico.

15. Upon information and belief, Defendant John Doe is the owner of Holistic Healing and is also located in Santa Fe, New Mexico.

16. Holistic Healing is also a retailer of herbal supplements, which it primarily sells through its website located at pur-shilajit.com.

17. Specifically, Holistic Healing sells Pur Shilajit, a competitor product to Choq Shilajit.

18. Pur Shilajit is advertised as "superior to other Shilajit products on the market due to the location we harvest in, the quality of our Altai Mountain spring water, and our method of purification."

19. Pur Shilajit is advertised as "tested by independent U.S. 3rd party labs," "[m]anufactured in an FDA approved U.S. based facility, "pass[ing] all authenticity tests for genuine, Gold Grade Shilajit," and "[c]ertified [v]egan by Vegan.org."

## DEFENDANTS' FALSE ADVERTISING

20. However, Defendants' advertisement of Pur Shilajit are false and deceptive.

21. Specifically, Defendants advertise that Pur Shilajit is purified five times, that the e coli present in laboratory tests of Pur Shilajit is dead, and that Pur Shilajit is "organic grade."

22. These statements are materially false.

23. Defendants' own, self-published laboratory results indicate that Pur Shilajit contains salmonella, e coli, and other fecal matter at levels that may pose significant threats to the health and safety of customers.

24. Further, Defendants falsely and deceptively market Pur Shilajit as curing, mitigating, treating, or preventing various medical conditions and diseases.

25. Not satisfied with its own false and deceptive marketing, Holistic Healing has also made false claims concerning Choq Shilajit.

26. Specifically, Holistic Healing has falsely stated that Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminates, and is boiled.

27. These statements are false and were made with the intent to dissuade consumers from purchasing Choq's products and to convince them that Holistic Healing's products are superior.

28. More specifically, Choq's products undergo rigorous third-party testing and clinical studies and are processed with traditional hot water, Ayurvedic extraction methods and, therefore, are never boiled.

29. Choq further publishes its third-party lab results, which prove that any levels of

contaminates are extremely low and are within recognized industry standards.

30. These levels of contaminates are significantly lower than the levels reported in Pur Shilajit's own self-published lab reports.

31. Holistic Healing's statements have caused Choq loss of business and reputational damages to the goodwill that it has created in its brand and products.

## COUNT I – FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

32. Choq incorporates all foregoing paragraphs as if fully restated herein.

33. Choq is a competitor of Holistic Healing.

34. Holistic Healing has made false and deceptive statements in its advertising of Pur Shilajit that are literally false or that are likely to mislead or confuse consumers.

35. Specifically, Holistic Healing has falsely stated that Pur Shilajit is purified five times, that the e coli present in laboratory tests of Pur Shilajit is dead, and that Pur Shilajit is "organic grade."

36. Holistic Healing has also falsely and deceptively stated that Pur Shilajit can cure, mitigate, treat, and prevent various medical conditions and diseases.

37. Holistic Healing has falsely and deceptively stated that Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminates, and is boiled.

38. These false and deceptive statements were made in commerce.

39. These false and deceptive statements are likely to cause confusion or mistake as to the characteristics of Holistic Healings goods.

40. These false and deceptive statements have injured Choq by misleading

consumers, devaluing its brand and the goodwill that it has built within it, and by diverting consumers from Choq and its products for Holistic Health's monetary and reputational gain.

41. Further, Defendants falsely and deceptively market Pur Shilajit as curing, mitigating, treating, or preventing various medical conditions and diseases.

42. Not satisfied with its own false and deceptive marketing, Holistic Healing has also made false claims concerning Choq Shilajit.

43. Specifically, Holistic Healing has falsely stated that Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminates, and is boiled.

44. These statements are false and were made with the intent to dissuade consumers from purchasing Choq's products and to convince them that Holistic Healing's products are superior.

45. More specifically, Choq's products undergo rigorous third-party testing and clinical studies and are processed with traditional hot water, Ayurvedic extraction methods and, therefore, are never boiled.

46. Choq further publishes its third-party lab results, which prove that any levels of contaminates are extremely low and are within recognized industry standards.

47. These levels of contaminates are significantly lower than the levels reported in Pur Shilajit's own self-published lab reports.

48. Holistic Healing's statements have caused Choq loss of business and reputational damages to the goodwill that it has created in its brand and products.

49. Consequently, Holistic Health's actions constitute false advertising pursuant to 15 U.S.C. § 1125(a).

50. Choq is entitled to the recovery of Defendants' profits, Choq's actual damages, and the costs of this action.

51. Choq is also entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

52. Choq is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

## COUNT II - DEFAMATION

53. Choq incorporates all foregoing paragraphs as if fully restated herein.

54. Under New Mexico law, a corporation may maintain an action for defamation if it has been defamed by a false imputation about its financial soundness or business ethics.

55. Holistic Health and its agent, Defendant John Doe, have made false and defamatory statements concerning Choq and its Choq Shilajit products.

56. Specifically, Holistic Healing has falsely stated that Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminates, and is boiled.

57. These statements are false and were made with the intent to injure Choq's reputation, to dissuade consumers from purchasing Choq's products, and to convince them that Holistic Healing's products are superior.

58. These statements tend to expose Choq and its products to contempt, to harm Choq's reputation, and to discourage others from dealing and purchasing products from Choq.

59. These statements were made negligently or, in the alternative, with reckless disregard of their truth or falsity.

60. These statements have caused Choq actual and special damages, including loss of sales, harm to reputation, and out of pocket costs.

61. Specifically, as a result of these false and defamatory statements, Choq has lost sales of its Choq Shilaji product and has lost customers.

62. As a result, Choq is entitled to recover monetary damages.

## COUNT III – VIOLATION OF NEW MEXICO UNFAIR TRADE PRACTICES ACT

63. Choq incorporates all foregoing paragraphs as if fully restated herein.

64. Holistic Healing has made false and deceptive statements it its advertising of Pur Shilajit that are literally false or that are likely to mislead or confuse consumers.

65. Specifically, Holistic Healing has falsely stated that Pur Shilajit is purified five times, that the e coli present in laboratory tests of Pur Shilajit is dead, and that Pur Shilajit is "organic grade."

66. Holistic Healing has also falsely and deceptively stated that Pur Shilajit can cure, mitigate, treat, and prevent various medical conditions and diseases.

67. Holistic Healing has falsely and deceptively stated that Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminates, and is boiled.

68. Further, Holistic Healing has falsely stated that Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminates, and is boiled.

69. These statements were false and Holistic Health knew that they were false at the time that they were made or, with knowledge of such circumstances, would know that they were false upon investigation in the exercise of reasonable diligence.

70. These statements were knowingly made by Holistic Health in connection with the sale of goods.

71. These statements were made in the regular course of Holistic Health's trade or commerce.

72. The statements are of the type that may, tends to, or does deceive or mislead consumers.

73. These statements are deceptive representations about the ingredients, uses, and characteristics of Holistic Health's products.

74. These falsely and deceptively represent that Holistic Health's goods are of a particular standard, quality, or grade.

75. These statements have disparaged the goods of Choq by false or misleading representations.

76. Consequently, Holistic Health's actions constitute false advertising pursuant to New Mexico's Unfair Trade Practices Act.

77. Choq is entitled to the recovery of Defendants' profits, Choq's actual damages, and the costs of this action.

78. Choq is also entitled to preliminary and permanent injunctive relief pursuant.

79. Choq is also entitled to treble damages because Holistic Health's actions were willful and because Holistic Health willfully engaged in this false and deceptive trade practice.

80. Choq is also entitled to its attorneys' fees.

**PRAYER FOR RELIEF**

Choq respectfully requests that the Court enter the following judgment against Defendants:

1. That the Court preliminarily and permanently enjoin and restrain Defendants, as well as their heirs, successors, assigns, officers, agents, and employees from:

    a. Making false or misleading statements about their products in commerce or otherwise deceiving consumers about the quality, characteristics, effectiveness, or safety of their products; and

    b. Making false or misleading statements about Choq's products in commerce or otherwise deceiving consumers about the quality, characteristics, or safety of Choq's products;

2. That the Court award Choq its actual damages, lost profits, consequential damages, exemplary damages, special damages, statutory damages, and any other damages allowable under law;

3. That the Court award Choq costs and attorneys' fees, and;

4. That the Court award Choq any other relief to which it is entitled.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury for all eligible counts contained within this complaint.

Respectfully submitted,

/s/ Kristina Martinez
Kristina Martinez
EGOLF + FERLIC +
MARTINEZ + HARWOOD, LLC
123 W. San Francisco St., Second Floor
Santa Fe, NM 87501
(505) 986-9641
kmartinez@EgolfLaw.com

and


/s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
Amanda Osorio
REVISION LEGAL, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
(231) 714-0100
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com

*Attorneys for Plaintiff*