IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHOQ, LLC, a Texas Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HOLISTIC HEALING, LLC, a New Mexico limited liability company, and JOHN DOE, an individual<br><br>　　　　Defendants. | Case No. 20-CV-404-NF-KHR |

**ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT**

This matter comes before the Court upon Defendant Holistic Healing, LLC's Motion for Extension of Time to Respond to Amended Complaint (CM/ECF Document [Doc.] 8) and Plaintiff's Response in Opposition (Doc. 10). Defendant has not yet filed a reply. Having reviewed the pleadings, applicable law, and being otherwise fully informed in the premises, the Court finds good cause is warranted for an extension.

On April 29, 2020, Plaintiff filed an Amended Complaint and served it on Defendant on the same day. Pursuant to Federal Rule of Civil Procedure, Defendant's answer was due no later than twenty-one (21) days after its receipt of service, or May 20, 2020. Defendant did not file a timely answer. On May 21, 2020, Defendant filed the instant motion for an extension of time to answer the Amended Complaint. According to the Motion, Defendant's failure to timely respond is owed to the fact that Defendant did not hire the

assistance of local counsel until recently and to the "long-distance nature of representation and the impact of the current COVID-19 pandemic." (Doc. 8 at 2). Citing these circumstances, Defendant requests an additional thirty days from the filing of its motion to answer the Amended Complaint.

Plaintiff opposes the motion for an extension (Doc. 10) because, according to Plaintiff, Defendant has been unwilling to engage in "amicable negotiations" to resolve the underlying dispute and has even continued to post "defamatory content" against Plaintiff on social media as of May 20, 2020.

## ANALYSIS

Under Federal Rule of Civil Procedure 6(b)(1)(B), which provides for extensions sought after the expiration of the relevant deadline, the Court may extend the time for Defendant to respond only for good cause. The party seeking the extension must also demonstrate that it failed to act due to excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)[ (1)(B) ] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period ." *Upky v. Lindsey*, No. CIV 13-0553 JB/GBW, 2015 WL 1918229, at *29 (D.N.M. Apr. 7, 2015) (citing *In re Four Seasons Sec. Law Litig.*, 493 F.2d at 1290). At the very least, courts have required "some showing of 'good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified' is normally required." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (quoting 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1165 at 622).

Here, the Court finds that there is good cause to grant the requested extension and that Defendant has demonstrated excusable neglect. Specifically, Defendant has indicated a failure to timely enroll the assistance of local counsel and has cited challenges from the "long-distance" nature of the representation and the current COVID-19 pandemic. Finally, the Court notes that Plaintiff's objection to the requested extension arises primarily from issues relating to the merits of the underlying dispute itself, rather than from any prejudice Plaintiff would face from allowing Defendant an extension of time to answer the Amended Complaint.

For these reasons, the Court finds the requested extension should be granted for this case to proceed toward resolution on its merits. *See Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) ("The preferred disposition of any case is upon its merits."). However, although the Court will grant an extension of time for Defendant to answer the Amended Complaint, the Court does not find good cause exists to grant the extension for the thirty-day period Defendant requests. Rather, the Court will allow an extension of one additional week from the entry of the order.

## CONCLUSION

Accordingly, Defendant Holistic Healing, LLC's Motion for Extension of Time to Respond to Amended Complaint is hereby GRANTED IN PART.

IT IS ORDERED Defendant shall have until June 8, 2020 to file a responsive pleading to the Amended Complaint.

Dated this ___1___ day of June, 2020.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE