**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHOQ, LLC,
a Texas Limited Liability Company                    **CASE NO.:  1:20-cv-00404-NF-KHR**

      Plaintiff,

v.

HOLISTIC HEALING, LLC,
a New Mexico limited liability company, and
JOHN DOE, an individual,

      Defendants.


**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

      Defendant, HOLISTIC HEALING, LLC ("Holistic Healing" or "Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Amended Complaint [Doc. 6], and in support hereof states:

**I.    SUMMARY OF THE ARGUMENT**

      CHOQ, LLC's ("Plaintiff") Amended Complaint[1] fails to state claims upon which relief can be granted. The Amended Complaint brings claims for violations of the Lanham Act (False Advertising), Defamation, and Unfair Trade Practices (Counts I, II, and III, respectively) against Defendant. The allegations within the Amended Complaint lack the requisite specificity or detail required to support the claims for relief. Plaintiff disregards that the claims it asserts, by their very nature, require the allegations be pled with particularity, including specific facts and statements to support the claims. None of the claims asserted by Plaintiff are accompanied by specific factual allegations in support – the "False Advertisement" claim lacks any proof of an advertisement,

---

[1] Plaintiff amended its original Complaint prior to serving Defendant.

where the advertisement was published, or when the advertisement was published; the Defamation claim is wanting of which particular statements, if any, could be attributed to Defendant as defamatory, when they were published, or even where they were published; the Unfair Trade Practices act, similarly, fails to state with specificity how Defendant has allegedly published false and deceptive statements. Therefore, Plaintiff's Amended Complaint fails to satisfy the Federal Rules of Civil Procedure and plead the basic requirements of the claims asserts, and must be dismissed.

## II.   MEMORANDUM OF LAW AND ARGUMENT

### A.  THE APPLICABLE STANDARD FOR A MOTION TO DISMISS.

A pleading must include a "short and plain statement showing that the pleader is entitled to relief," otherwise the pleading is subject to a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp., et al. v. Twombly, et al.*, 550 U.S. 544 (2007)). Mere naked assertions are not sufficient. *Id.* "On a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citing *Papason v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677-678. (quoting *Twombly*, 550 U.S. at 555). A complaint that fails to meet this standard of Rule 8(a)(2) must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Singh v. United States Bank, N.A.*, No. CV-16-579 WJ/WPL, 2016 U.S. Dist. LEXIS 148177, *5 (D.N.M. Oct. 26, 2016).

## B. COUNT I FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED.

In order to plead a claim for False Advertising under the Lanham Act, a plaintiff must show that their interests (1) fall within the zone of interest protected by the law invoked; and (2) the injuries are proximately caused by violations of the statute. *Lexmark Int'l, Inc., v. Static Control Components, Inc.*, 572 U.S. 118, 119 (2014). "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Zoller Labs., LLC v. NBTY, Inc.*, 111 Fed. Appx. 978, 982 (10th Cir. 2004) (unpublished) (quoting *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997))). The Lanham Act encompasses two types of actionable advertising representations: "(1) those that are literally false, and (2) those that, while literally true, are likely to mislead and confuse consumers." *Intermountain Stroke Ctr., Inc. v. Intermountain Health Care, Inc.*, 638 Fed. App'x 778, 785 (10th Cir. 2016); *see also La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1181–82 (10th Cir. 2009) (holding there was "no basis" for a Lanham Act claim, given the district court's factual findings that "neither [of the defendants] made any false or misleading oral or written statements or representations").

In *Intermountain Stroke Ctr.*, the court upheld the dismissal, with prejudice, of the plaintiff's claim under the Lanham Act. *Id.* The court stated that none of the "'specific' advertising statements could serve as the predicate for a Lanham Act false-advertising claim." *Id.* at 795. The court reasoned that the statements identified were not misleading and did not relate to the "nature, characteristics, or qualities of Intermountain's healthcare services." *Id.* Instead, the statements, including those related to Intermountain's after care charts and worksheets, were determined to be rudimentary and far too vague to support a claim under the Lanham Act. *Id.* at 796.

Here too, Plaintiff sets forth vague, undescriptive, and rudimentary allegations that fail to support a claim under the Lanham Act. First, Plaintiff does not specify the alleged false advertisements, nor are they attached to the Amended Complaint. None of the allegations specify when the advertisements were allegedly made, or where for that matter. Secondly, the allegations that Plaintiff does include in the Amended Complaint are not misleading or related to the "nature, characteristics, or qualities" of Defendant's specific product. [Doc. 6, ¶¶ 34-37] Plaintiff itself has similar statements on its website. *See* SHILAJIT Product Offers: CHOQ™, CHOQ, https://choq.com/shilajit-product-offers/ (last visited June 5, 2020) ("Presenting the game-changing ayurvedic adaptogen for men AND women that tops them all. Optimize and balance hormones, boost collagen production, increase mitochondrial energy and enhance sports performance. Use CHOQ PURIFIED SHILAJIT — The ultimate in healthy aging and all-around vitality."). The statements, as alleged by Plaintiff, are customary in the herbal supplement industry and are accompanied by the appropriate FDA disclaimers on both Plaintiff's and Defendant's websites. *See generally id.* Accordingly, Plaintiff fails to state a claim upon which relief can be granted and its claim under the Lanham Act must be dismissed.

## C. COUNT II SHOULD BE DISMISSED AS PLAINTIFF FAILS TO STATE A CLAIM FOR DEFAMATION PURSUANT TO NEW MEXICO LAW.

A pleading for defamation generally has "a tradition of greater factual detail and specificity [required] with regard to most elements of the complaint than might otherwise be true in civil actions." Rodney A. Smolla, *Law of Defamation* § 2.28[3], at 2–99 (1994); *see also* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 359 (1990) ("When the claim alleged is a traditionally disfavored 'cause of action,' such as malicious prosecution, libel, or slander, the courts tend to construe the complaint by a somewhat stricter standard and are more inclined to grant a Rule 12(b)(6) motion to dismiss."). When analyzing a defamation pleading, the

courts "consider whether the contested statements are reasonably susceptible of a defamatory connotation." *Young v. Wilham*, 2017-NMCA-087, ¶ 18, 406 P.3d 988 (citing *Davis v. Boeheim*, 24 N.Y.3d 262, 998 N.Y.S.2d 131, 22 N.E.3d 999, 1003 (2014)) (internal quotation marks and citation omitted). Further, a complainant must "plead precisely the statements about which they complain" as the defendant is entitled to know the precise language challenged. *Andrews v. Stallings*, 1995-NMCA-015, ¶ 14, 119 N.M. 748 (internal quotation marks and citation omitted). The defendant should not be left having to guess what the plaintiff's undeveloped arguments complained of are. *Young*, 406 P.3d at 995.

Here, Plaintiff fails to specifically plead the alleged defamatory statements. Instead, the Plaintiff vaguely states "Holistic Healing has falsely stated that Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminates, and is boiled." [Doc. 6, ¶ 56] Plaintiff fails to provide the requisite specificity regarding Defendant's alleged statements and fails to attach the libelous statements upon which the Amended Complaint relies. More importantly, Plaintiff fails to state when, where, or how Defendant made or published the alleged statements. Frankly, Plaintiff's ambiguity in the alleged claim for defamation against Defendant makes it impossible for Defendant to discern any factual basis for Plaintiff's allegations. Accordingly, pursuant to the aforementioned law, Plaintiff's claim for defamation must be dismissed.

### D.  COUNT III FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO NEW MEXICO LAW AND MUST BE DISMISSED.

In order to state a claim under New Mexico's Unfair Trade Practices Act, "a complaint must contain allegations that: (1) the defendant made an oral or written statement, a visual description or a representation of any kind that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale, lease, rental, or loan

of goods or services in the regular course of the defendant's business; and (3) the representation was of the type that may, tends to, or does deceive or mislead any person." *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 5, 142 N.M. 437. Pursuant to Federal Rule of Civil Procedure 9(b), a party must state with "particularity the circumstances constituting fraud or mistake." "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *Two Old Hippies, LLC v. Catch The Bus, LLC*, 784 F.Supp.2d 1200, 1209 (D.N.M. 2011) (citing *United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.,* 232 F.3d 902, at *3.; *see also Midgley v. Rayrock Mines, Inc.*, 374 F.Supp.2d at 1047 (D.N.M June 1, 2005) ("To survive a motion to dismiss, an allegation of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'") (quoting *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d at 1252).

Plaintiff fails to sufficiently plead a claim for Unfair Trade Practices because Plaintiff fails to meet the pleading specificity required by Federal Law to support allegations of fraud. Specifically, Plaintiff sets forth imprecise statements pertaining to Defendant's alleged false and deceptive statements. *See* Doc. 6, ¶¶ 64-68. Notably, Plaintiff does not plead specific statements made by Defendant, and does not allege when the statements were made, to whom they were made, where they were made, or the consequences of Defendant's alleged statements. Plaintiff's claim for Unfair Trade Practices is facially deficient and must be dismissed.

WHEREFORE, Defendant respectfully requests this Court enter an Order dismissing Plaintiff's Amended Complaint and grants all such other relief as just and proper.

Respectfully Submitted:

BUSINESS LAW SOUTHWEST LLC

*/s/ Donald F. Kochersberger III*

_____

Donald F. Kochersberger III
Timothy R. Mortimer
320 Gold Ave. SW, Suite 610
Albuquerque, New Mexico 87102-3299
(505) 848-8581 (Voice)
(505) 848-8593 (Facsimile)
Donald@BusinessLawSW.com (E-Mail)
Timothy@BusinessLawSW.com (E-Mail)


-and-

BLEAKLEY BAVOL DENMAN & GRACE

*/s/ J. Ronald Denman*

_____

J. Ronald Denman, Esq.
Florida Bar No.: 0863475
Victoria Pearce, Esq.
Florida Bar. No.: 100806
15316 N. Florida Avenue
Tampa, FL 33613
813-221-3759
rdenman@bbdglaw.com
nlafferty@bbdglaw.com
eservice@bbdglaw.com
*Pro Hac Vice Pending*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 8th day of June 2020, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kristina Martinez
EGOLF + FERLIC +
MARTINEZ + HARWOOD, LLC
123 W. San Francisco St., Second Floor
Santa Fe, NM 87501
(505) 986-9641
kmartinez@EgolfLaw.com

John Di Giacomo
Eric Misterovich
Amanda Osorio
REVISION LEGAL, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
(231) 714-0100
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com

 */s/ Timothy R. Mortimer*
Timothy R. Mortimer