IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CHOQ, LLC,<br>A Texas Limited Liability Company,<br><br>          Plaintiff,<br><br>vs.<br><br>HOLISTIC HEALING, LLC,<br>a Wyoming limited liability company, and<br>JOHN DOE, an individual,<br><br>          Defendants. | Case No.  20-CV-00404 |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Holistic Healing, LLC ("Holistic")'s Motion to Dismiss, filed June 8, 2020. (CM/ECF Document [Doc.] 13). For the following reasons, the Court grants in part and denies in part Defendant's Motion to Dismiss.

I.   *Factual Background*

This case concerns a false advertising claim made by Choq against Holistic. Choq is an herbal supplement retailer based in Austin, Texas that sells various herbal supplements under the Choq brand, including Choq Shilajit. (Doc. 1 at 1). Holistic is an herbal supplement retailer incorporated in Wyoming and located in Santa Fe, New Mexico that sells Pur Shilajit, a competitor product to Choq Shilajit. (*Id*.).[1]

---

[1] John Doe is believed to be the sole member of Defendant Holistic. (*Id*.).

According to Plaintiff's Amended Complaint, Pur Shilajit is advertised as "superior to other Shilajit products on the market due to the location we harvest in, the quality of our Altai Mountain spring water, and our method of purification." (*Id*. at 3). Defendant claims Pur Shilajit is "tested by independent U.S. 3rd party labs," "[m]anufactured in an FDA approved U.S. based facility, "pass[ing] all authenticity tests for genuine, Gold Grade Shilajit," and "[c]ertified [v]egan by Vegan.org." (*Id*.). Plaintiff alleges Defendant's advertisements about Pur Shilajit are false and deceptive. (*Id*. at 4). Specifically, Plaintiff asserts Defendant's claims that "Pur Shilajit is purified five times, that the e coli present in laboratory tests of Pur Shilajit is dead, and that Pur Shiajit is 'organic grade' are materially false." (*Id*.). In support of this argument, Plaintiff claims Defendant's self-published lab results show Pur Shilajit contains several contaminants, including salmonella and E. coli, in amounts that could potentially affect the health and safety of consumers. (*Id*.).

In addition to Defendant's false advertising as to its own product, Plaintiff asserts Defendant has made false claims about Plaintiff's product, Choq Shilajit. (*Id*.). Plaintiff claims Defendant has wrongly asserted that "Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminates and is boiled." (*Id*.). In contrast, Plaintiff claims Choq's products are subject to "rigorous third-party testing and clinical studies," are processed using traditional hot water and Ayurvedic extraction methods and are never boiled. (*Id*.). Plaintiff argues Choq's published third-party lab results prove that any level of contaminants in Plaintiff's product are "extremely low" and "within

recognized industry standards." (*Id*. at 5). Plaintiff claims Defendant's statements have harmed Choq's reputation and caused the company to lose business. (*Id*.).

II.     *Procedural Background*

Plaintiff filed an original Complaint on April 27, 2020 followed by an Amended Complaint on April 29, 2020. (Doc. 1). In its Amended Complaint, Plaintiff claims it is entitled to relief on three separate counts: 1) false advertising under the Lanham Act, 2) defamation, and 3) violation of New Mexico's Unfair Trade Practices Act. (*Id*.). Defendant timely filed the instant Motion to Dismiss for Failure to State a Claim. (Doc. 13).

III.    *Standard of Review for 12(b)(6) Motion to Dismiss for Failure to State a Claim*

It is undisputed that "a judge ruling on a defendant's motion to dismiss a complaint, 'must accept as true all factual allegations contained in the complaint.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). According to the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual mater, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The plausibility standard does not require that the allegations in plaintiff's complaint

be "probable." *Id*. Instead, the plausibility standard is met when the plaintiff pleads "more than a sheer possibility that a defendant acted unlawfully." *Id*. Although it is not necessary for a complaint to include detailed factual allegations to survive a motion to dismiss, the grounds for Plaintiff's relief must be based on "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Furthermore, "a formulaic recitation of the elements of a cause of action" is not sufficient to withstand a motion to dismiss. *Id*.

IV.    Analysis

A.  Count I - False Advertising Under the Lanham Act (15 U.S.C. § 1125(a))

Plaintiff contends Defendant falsely advertised its product, Pur Shilajit, in violation of the Lanham Act. In response, Defendant argues Plaintiff fails to state a claim upon which relief can be granted under the Act. The Lanham Act states as follows:

> (1) Any person who, or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive … as to the origin, sponsorship, or approval of his or her goods, services of commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C.A. § 1125(a)(1).

§ 1125(a) creates two bases for liability: false association and false advertising. *Lexmark Int'l, Inc. v. Static Control Components, Inc.* 527 U.S. 118, 122 (2014). In the

present case, Plaintiff alleges only false advertising. In order to bring an action for false advertising under the Lanham Act, "a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Id.* at 140. More specifically, a successful Lanham Act claim requires a showing of the following elements: "(1) that [the] defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff." *Intermountain Stroke Ctr., Inc. v. Intermountain Health Care, Inc.* 638 Fed. App'x 778, 784 (10th Cir. 2016).

In the present case, Plaintiff claims Defendant "falsely stated that Pur Shilajit is purified five times, that the e coli present in laboratory tests of Pur Shilajit is dead, and that Pur Shilajit is 'organic grade.'" (Doc. 1 at 5). According to Plaintiff, Defendant's self-published laboratory results show that "Pur Shilajit contains salmonella, e coli, and other fecal matter at levels that may pose significant threats to the health and safety of customers." (*Id*. at 4). Plaintiff further contends "these false and misleading statements were made in commerce" and are "likely to cause confusion or mistake as to the characteristic of Holistic Healing's goods." (*Id*. at 5). Plaintiff alleges Defendant's false statements "have injured Choq by misleading consumers, devaluing its brand and the goodwill that it has build within it, and by diverting consumers from Choq and its products for Holistic Health's monetary and reputational gain." (*Id*. at 5–6). In other

words, Plaintiff claims Defendant's "false and deceptive statements" have resulted in Plaintiff's "loss of business and reputational damage to the goodwill that it has created in its brand and products." (Doc. 1 at 6). Therefore, Plaintiff asserts its claim is properly brought under the Lanham Act.

Furthermore, Plaintiff claims Defendant made false statements about Plaintiff's product, Choq Shilajit. (*Id*. at 6). Plaintiff alleges Defendant "falsely stated that Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminates, and is boiled." (*Id*. at 5). Plaintiff claims these statements were made "with the intent to dissuade consumers from purchasing Choq's products." (*Id*. at 6). In his Amended Complaint, Plaintiff clarifies that "Choq's products undergo rigorous third-party testing and clinical studies and are processed with traditional hot water, Ayurvedic extraction methods and, therefore, are never boiled." (*Id*.). Plaintiff further asserts that published third-party lab results prove "that any levels of contaminants are extremely low and are within recognized industry standards." (*Id*.).

In its Motion to Dismiss, Defendant argues Plaintiff's allegations are too vague, undescriptive, and rudimentary to support a claim under the Lanham Act. (Doc. 13 at 4). The Court disagrees. Defendant alleges Plaintiff's claim should be dismissed for failing to specify the false advertisements, including when and where the advertisements were allegedly made. (*Id.*). However, it is not necessary for a plaintiff to plead detailed factual allegations in order to survive a motion to dismiss. In the present case, Plaintiff pleads short and plain statements that satisfy each of the elements required to establish a false-

advertising claim under the Lanham Act. Specifically, Plaintiff identifies the false and misleading representations of fact made by Defendant in connection with the sale and advertising of both Plaintiff's and Defendant's products. Furthermore, Plaintiff explains that the confusion and mistake caused by the false and misleading statements have resulted in harm to Plaintiff. These statements contain sufficient factual matter that, if accepted as true, state a claim for relief under the Lanham Act that is plausible on its face.

 Moreover, the Court is not persuaded by Defendant's argument that the statements at issue would be permissible under a recognized exception for "puffery." In support of this argument, Defendant cites *Intermountain Stroke Center*. The *Intermountain* Court determined that the plaintiff's vague statements depicting defendant's best practices and high-quality of care were mere sales puffery and therefore unactionable under the Lanham Act. *Intermountain*, 638 Fed. App'x at 785. "Puffery" is defined as a "term of art 'used to characterize those vague generalities that no reasonable person would rely on as assertions of particular fact.'" *Id*. at 786–787 (quoting *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1106 (10th Cir. 2009)). Puffery is distinct from a statement of fact by its "'broad, vague and commendatory language.'" *Id*. at 787 (quoting *Time Warner Cable, Inc. v. DIRECTV, Inc.,* 497 F.3d 144, 159 (2d Cir. 2007)). Instead of statements of fact, "puffery" refers to bald assertions of superiority or general statements of opinion and is not actionable under the Lanham Act. *Id*. Puffery is evident when the claims are unable to be proven either true or false. *Id*. In the present case, Defendant's alleged false and deceptive statements specify facts about the products with particularity, do not involve

bald assertions of superiority, are not generally statements of opinion, and can be proven either true of false. Therefore, the Court does not find Defendant's alleged false advertising statements too vague to constitute sales puffery and make Plaintiff's claim unactionable under the Lanham Act.

Based on the foregoing analysis, the Court finds that Defendant's Motion to Dismiss for failure to state a claim under the Lanham Act is DENIED.

## B. Count II – Defamation

Plaintiff claims Defendant's false and misleading statements about Choq's Shilajit products constitute a violation of New Mexico's defamation law. In response, Defendant contends Plaintiff's claim for defamation must be dismissed for lack of specificity and failing to state a claim.

In order to successfully establish a prima facie case for defamation in New Mexico, a plaintiff must show nine elements:

> 1) a published communication by the defendant; 2) the communication includes an asserted statement of fact; 3) the communication was concerning the plaintiff; 4) the statement of fact is false; 5) the communication was defamatory; 6) the persons receiving the communication understood it to be defamatory; 7) the defendant knew the communication was false or negligently failed to recognize that it was false, or acted with malice;[2] 8) the communication caused actual injury to the plaintiff's reputation; and 9) the defendant abused its privilege to publish the communication.

---

[2] Under New Mexico law, a "private plaintiff need only prove that the defendant acted negligently in publishing a defamatory statement, whereas a public official must prove that the defendant acted with actual malice." *Young v. Wilham*, 406 P.3d 988, 993 (N.M. Ct. App. 2017). In the present case, neither party attempts to argue Plaintiff is a public figure. Therefore, Plaintiff's Complaint must only allege facts arising to negligence.

406 P.3d at 1007. At this stage of the proceedings, Plaintiff bears the burden of plausibly alleging each element. However, it is not necessary for a plaintiff to "plead specific facts for every element of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). Instead, "[a] complaint must . . . contain either direct or inferential allegations respecting all material elements of a cause of action." *Id.* Therefore, a defamation pleading is sufficient to survive a motion to dismiss if a plaintiff pleads sufficient factual matter to state a claim for relief that is plausible on its face in either direct or inferential relation to each element of the defamation claim. For the following reasons, Plaintiff adequately pleads each of the nine elements required to establish a defamation claim under New Mexico law.

Here, Plaintiff claims Defendant has "made false and defamatory statements" about Choq and Choq's products. (Doc. 1 at 7). Specifically, Plaintiff claims Defendant has "falsely stated that Choq Shilajit uses fillers, is stored in aluminum barrels, has additives, including fulvic acid, contains a significant amount of aluminum, lacks effectiveness, has contaminants, and is boiled." (*Id.*). Plaintiff claims these statements are not supported by Choq's published lab results "which prove that any levels of contaminants are extremely low and are within recognized industry standards." (*Id.* at 4–5). Therefore, Plaintiff claims Defendant's false and defamatory statements were made negligently or with reckless disregard for the truth of the accusations. (*Id.* at 8). As a result of the false and defamatory statements, Plaintiff asserts it has lost customers and sales of its Choq Shilajit product. (*Id.*).

First, the publication element of defamation is defined as "an intentional or negligent communication to one other than the person defamed." *Hagebak v. Stone*, 61 P.3d 201, 204 (N.M. Ct. App. 2002). This element "is based on the assumption that a statement, neither seen nor heard by a third party, cannot cause harm to one's reputation." *Id*. Although Plaintiff does not indicate whether the alleged publications were made in a manner that can be seen and heard by a third party, Plaintiff claims Defendant's defamatory statements have resulted in Plaintiff's loss of business and customers. The Court can therefore infer that the publications were in fact seen and heard by third parties. Plaintiff adequately establishes that Defendant's defamatory statements constitute a published communication that the person receiving the communication understood it to be defamatory, and that this caused harm to Plaintiff's reputation, satisfying Plaintiff's burden on the first, fifth, sixth, and eighth elements.

Further, the Court finds that, if true, the alleged statements are defamatory. New Mexico courts define defamation as a "wrongful and unprivileged injury to a person's reputation." *Hagebak*, 61 P.3d at 203–04. Plaintiff asserts Choq's published lab results directly contradict Defendant's statements and, because the statements have caused customers to question the quality of Choq products, Choq states it has lost business and customers. Therefore, the Court finds that Defendant's alleged defamatory statements are reasonably susceptible of a defamatory connotation. Furthermore, by detailing the specific defamatory statements Defendant made in reference to Plaintiff's product Choq Shilajit, Plaintiff sufficiently established that the communication included an asserted

statement of fact, concerned the Plaintiff, and was in fact defamatory. This satisfies Plaintiff's burden on the second, third, fourth, and fifth elements.

Finally, an abuse of privilege "arises out of the publisher's lack of belief, or reasonable grounds for belief, in the truth of the alleged defamation." *Gengler v. Phelps*, 589 P.2d 1056, 1059 (N.M. Ct. App. 1978) (quoting *Mahona-Jojanto, Inc., N.S.L. v. Bank of New Mexico*, 442 P.2d 783, 786 (N.M. 1968)). Here, Plaintiff argues Choq's published lab results invalidate Defendant's defamatory statements, suggesting Defendant lacked reasonable grounds for belief in the truth of the alleged defamation. Plaintiff sufficiently pleads Defendant abused its privilege to publish the communication and that Defendant negligently failed to recognize the communication was false, satisfying the seventh element.

Although the Court recognizes that a claim for defamation is generally subject to a slightly heightened pleading standard on a motion to dismiss, New Mexico courts have determined that a plaintiff can establish a claim for defamation by adequately establishing each of the nine defamation elements. Furthermore, it is only necessary that Plaintiff pleads sufficient factual matter to state a claim for relief in order to survive a motion to dismiss. Therefore, because Plaintiff has successfully plead each of the nine elements of a defamation claim under New Mexico law, the Court finds that Defendant's Motion to Dismiss for failure to state a claim for defamation is DENIED.

C. *Count III – Violation of New Mexico Unfair Trade Practices Act*

Plaintiff asserts Defendant's actions constitute false advertising in violation of New Mexico's Unfair Trade Practices Act. In response, Defendant contends Plaintiff's

claim must be dismissed for failing to state a claim for Unfair Trade Practices on which relief can be granted. In general, the Unfair Trade Practices Act "is intended to provide a private remedy for individuals who suffer pecuniary harm for conduct involving either misleading identification of a business or goods, or false or deceptive advertising." *Parker v. E.I. DuPont de Nemours & Co., Inc.*, 1995-NMCA-086, ¶47, 121 N.M. 120, 909 P.2d 1. A plaintiff must establish four elements in order to bring a claim under the Unfair Trade Practices Act: 1) the complaining party must show that the party charged made an oral or written statement, visual description or other representation that was either false or misleading; 2) the false or misleading representation must have been knowingly made in connection with the sale, lease, rental or loan of goods or services in the extension of credit or…collection of debts; 3) the conduct complained of must have occurred in the regular course of the represent[o]r's trade or commerce; and 4) the representation must have been of the type that may, tends to or does, deceive or mislead any person. *Stevenson v. Louis Dreyfus Corp.*, 1991-NMSC-051, ¶ 13, 112 N.M. 97, 811 P.2d 1308 (quoting *Ashlock v. Sunwest Bank of Roswell, N.A.*, 1988-NMSC-026, ¶ 4, 107 N.M. 100, 753 P.2d 346) (*overruled on other grounds Gonzales v. Surgidev Corp.*, 899 P.2d 576 (N.M. 1995)).

In this case Plaintiff argues Defendant made false and deceptive statements about Defendant's product, Pur Shilajit, and Plaintiff's own product, Choq Shilajit. (Doc. 1 at 8). Plaintiff claims Defendant's false statements were made knowingly in connection with the sale of goods, "in the regular course of Defendant's trade or commerce," and "are of the type that may, tends to, or does deceive or mislead consumers." (*Id.* at 9).

According to Plaintiff, Defendant deceptively represents its products with regard to their ingredients, uses, and characteristics as well as the standard, quality, and grade of its goods. Plaintiff argues these false and misleading representations have degraded the value of Choq's products. (*Id.*).

Defendant argues Plaintiff's claim under New Mexico's Unfair Trade Practices Act is deficient for failure to plead specific allegations of fraud as required by Rule 9 of the Federal Rules of Civil Procedure. According to Rule 9(b), when alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." FED R. CIV. P. 9(b). Defendant cites *Two Old Hippies, LLC v. Catch The Bus, LLC* to support its argument. 784 F. Supp. 2d 1200 (D.N.M. 2011). In *Two Old Hippies*, the district court held "'at a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud.'" 784 F. Supp. 2d at 1208 (quoting *United States ex rel. Schwartz v. Coastal Healthcare Grp., Inc.,* 232 F.3d 902, *3 (10th Cir. 2000)). The court found the plaintiff adequately pled a claim for fraud under the New Mexico's Unfair Trade Practices Act pursuant to Rule 9(b) because the plaintiff's complaint alleged "who said the misrepresentation at issue, what those misrepresentations were, approximately when they were made, and in what context." *Id*. at 1214.

In the present case, Plaintiff adequately alleges the specific false and deceptive statements made by Defendant in reference to Defendant's product Pur Shilajit and Plaintiff's product Choq Shilajit. However, Plaintiff fails to include in its complaint approximately when the Defendant made the alleged false and deceptive statements.

Therefore, Plaintiff does not meet the specificity requirements for alleging fraud required by Rule 9(b). Accordingly, the Court finds that Defendant's Motion to Dismiss for failure to state a claim under New Mexico's Unfair Trade Practices Act is GRANTED.

V.  *Conclusion*

For the above-stated reasons, the Court does not find that dismissal of Plaintiff's Lanham Act or defamation claims is warranted. However, the Court does find that Defendant's Motion to Dismiss for failure to state a claim under New Mexico's Unfair Trade Practices Act is appropriate.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss. Plaintiff's Unfair Trade Practices Act claim is hereby DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to file an amended complaint as to its Unfair Trade Practices Act claim by no later than August 11, 2020.

IT IS SO ORDERED this __28__ day of July, 2020.

_/s/ Nancy D. Freudenthal_
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE