UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHOQ, LLC,
a Texas Limited Liability Company

   Plaintiff,

CASE NO.:  1:20-cv-00404-NF-KHR

v.

HOLISTIC HEALING, LLC,
a New Mexico limited liability company, and
JOHN DOE, an individual,

   Defendants.

**MOTION TO COMPEL PLAINTIFF TO PARTICIPATE IN RULE 26(f) CONFERENCE**

   Defendant, HOLISTIC HEALING, LLC ("Holistic Healing" or "Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 26, hereby files this Motion to Compel Plaintiff to Participate in Rule 26(f) Conference, and in support hereof states:

**I. SUMMARY OF THE ARGUMENT**

   CHOQ, LLC's ("Plaintiff") served its Amended Complaint on Defendant on or about April 29, 2020. Counsel appeared in the above-captioned matter on behalf of Defendant on May 21, 2020. On or about August 4, 2020, Defendant asked Plaintiff to identify a date of availability for a Federal Rule of Civil Procedure 26(f) conference to take place. *See* Ex. A. Plaintiff declined Defendant's inquiry for dates of availability and instead stated that because the pleadings were not closed, a Rule 26(f) conference was premature. Notably, Plaintiff refuses to coordinate a Rule 26(f) conference with Defendant but filed a Motion to Expedite Discovery on August 11, 2020. [Docs. 20-21]. Plaintiff's positions are contradictory, without merit, and a transparent attempt to delay this proceeding. Neither Rule 26 nor this Court's local rules allow a party to refuse to participate in a Rule 26(f) conference until after the pleadings are closed. Accordingly,

in compliance with the Federal Rules of Civil Procedure, Defendant requests this Court enter an Order compelling Plaintiff to participate in a Rule 26(f) Conference within five (5) days of the date of the entry of an Order.

## II. MEMORANDUM OF LAW AND ARGUMENT

### A. THE APPLICABLE STANDARD.

Pursuant to Federal Rule of Civil Procedure 26(f), "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Attorneys "that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(2).

A court has discretion to stay discovery "for good cause shown." *Id.* at 26(c)(1). A showing of good cause requires a party show that it would suffer "annoyance, embarrassment, oppression, or undue burden or expense" absent a stay. *Id.*

### B. APPLICATION, ANALYSIS, AND LEGAL ARGUMENT

Neither the Federal Rules of Civil Procedure nor the New Mexico Local Rules permit Plaintiff to deny Defendant the right to discovery. Accordingly, open pleadings do not automatically stay discovery or require that a Rule 26(f) conference be postponed. In fact, through a Rule 26(f) conference the parties can agree to a discovery plan that stages discovery in a manner to limit the impact on the claims and defenses.

To date, Plaintiff has not shown a need to stall the Rule 26(f) process and any and all discovery at this stage of the case. *Compare U.S. ex rel. Gonzalez v. Fresenius Med. Care N.*

*Am.*, 571 F.Supp.2d 766, 767-68 (W.D. Tex. 2008). Much to the contrary, Plaintiff's participation in a Rule 26(f) conference could obviate its need for wasteful motion practice to expedite discovery. Plaintiff's argument that nothing requires a Rule 26(f) conference prior to this Court issuance of a scheduling order misconstrues the requirements of Rule 26(f)(1). Specifically, Rule 26(f)(1) states "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Rule 16(b) provides that a judge must issue a scheduling order as soon as practicable; however, absent good cause for a delay, the judge must issue a scheduling order within the earlier of 90 days after any defendant is served with the complaint or 60 days after any defendant has appeared.  Defendant was served on April 29, 2020 and an appearance was entered on May 21, 2020. Accordingly, the deadline for the parties to participate in a Rule 26(f) conference has lapsed.

WHEREFORE, Defendant respectfully requests this Court enter an Order requiring Plaintiff to participate in a Rule 26(f) conference within five (5) days from the entry of an Order and granting all such other relief as just and proper.

Dated this 13th day of August 2020.

Respectfully Submitted,

BUSINESS LAW SOUTHWEST LLC

 */s/ Donald F. Kochersberger III*
Donald F. Kochersberger III
320 Gold Ave SW Ste 610
Albuquerque, NM 87102
505-848-8581
Donald@BusinessLawSW.com
*Attorneys for Defendant*

and

BLEAKLEY BAVOL DENMAN & GRACE

 /s/ J. Ronald Denman
J. Ronald Denman, Esq.
Florida Bar No.: 0863475
Victoria Pearce, Esq.
Florida Bar. No.: 100806
15316 N. Florida Avenue
Tampa, FL 33613
813-221-3759
rdenman@bbdglaw.com
vpearce@bbdglaw.com
eservice@bbdglaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of August 2020, I filed the foregoing *Motion* electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

 **/s/ Donald F. Kochersberger III**
Donald F. Kochersberger III