UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHOQ, LLC,
a Texas Limited Liability Company

      Plaintiff,

CASE NO.: 1:20-cv-00404-NF-KHR

v.

HOLISTIC HEALING, LLC,
a New Mexico limited liability company, and
JOHN DOE, an individual,

      Defendants.

**RESPONSE TO PLAINTIFF'S CONSOLIDATED MOTION FOR EXPEDITED DISCOVERY, LEAVE TO FILE A SECOND AMENDED COMPLAINT, AND FOR AN EXTENSION OF TIME TO FILE ITS SECOND AMENDED COMPLAINT**

    Defendant, HOLISTIC HEALING, LLC ("Holistic Healing" or "Defendant"), by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the United States District Court District of New Mexico Local Rules of Civil Procedure, hereby files this Response to Plaintiff's Consolidated Motion for Expedited Discovery, Leave to File a Second Amended Complaint, and for an Extension of Time to File its Second Amended Complaint, and in support hereof states:

**I.   SUMMARY OF THE ARGUMENT**

    CHOQ, LLC's ("Plaintiff") served its Amended Complaint on Defendant on or about April 29, 2020. Counsel appeared in the above-captioned matter on behalf of Defendant on May 21, 2020. On or about August 4, 2020, Defendant asked Plaintiff to identify a date of availability for a Federal Rule of Civil Procedure 26(f) conference to take place. *See* Ex. A. Plaintiff declined to correspond with Defendant in order to coordinate the conference and has otherwise refused to

1

engage in discovery conversations.[1] Nevertheless, Plaintiff now seeks to further delay this proceeding and obtain an order from this Court permitting only it to engage in discovery. Notably, Plaintiff has already filed an Amended Complaint, yet now, months later, seeks to file another amended complaint without good cause. Plaintiff now seeks the identity of "John Doe" as if "John Doe" has not been a named party since the inception of the lawsuit, months ago. Accordingly, Plaintiff's request for expedited discovery and leave to amend should be denied.

## II. MEMORANDUM OF LAW AND ARGUMENT

### A. PLAINTIFF SHOULD NOT BE PERMITTED EXPEDITED DISCOVERY.

Pursuant to Federal Rule of Civil Procedure 26(f), "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." For good cause, expedited discovery is permitted. *Id.* at 26(b)(2). When a party fails to demonstrate that it has attempted to obtain the information it seeks through expedited discovery, denial of the request for expedited discovery is proper. *Washington v. Correia*, 546 Fed. Appx. 786, 787 (10th Cir. 2013) (court correctly denied expedited discovery when a party failed to demonstrate that it had explored other means to obtain the information sought).

To date, Plaintiff has failed to coordinate a Rule 26(f) conference with Defendant, and therefore, the parties have not completed initial disclosures. Initial disclosures could have given Plaintiff the exact information that it now seeks to delay this proceeding in order to receive. In a display of patent inconsistency, Plaintiff, while simultaneously denying Defendant the right to engage in discovery, seeks an Order from this Court permitting it to conduct expedited discovery.

---

[1] Defendant has sought to compel a Rule 26(f) conference. *See* Docs. 22-23.

Plaintiff seeks to delay the proceeding while simultaneously seeking to accelerate Defendant's discovery obligations. Plaintiff has not made any attempt to locate the information that it now seeks through the normal means of discovery, and Plaintiff has failed to demonstrate that it has explored other means (such as initial disclosures) to obtain the information it seeks. *See Washington*, 546 Fed. Appx. at 787. More specifically, a plaintiff doesn't have any right to discover the address of an identified defendant, before the defendant is served. *Id.* The proposed discovery from the Plaintiff seeks not only the name of the purported defendant, but also the address of the defendant, information that can be obtained through other means. Accordingly, Plaintiff's request for expedited discovery should be denied and Plaintiff should be ordered to participate in a Rule 26(f) conference.

### B. PLAINTIFF SHOULD NOT BE PERMITTED TO FILE A SECOND AMENDED COMPLAINT.

Plaintiff seeks authority from this Court to file a Second Amended Complaint. While granting leave to amend should be freely granted, leave to amend should not be permitted if doing so would cause undue delay, undue prejudice to the opposing party, or is made in bad faith. *Wagner Equip. Co. v. Wood*, 289 F.R.D. 347, 349 (D.N.M. 2013) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)). "Undue delay will be a sufficient reason to deny leave to amend 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, […], or to knowingly delay raising an issue until the eve of trial." *Id.* (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir.2006)).

Presently, Plaintiff seeks an Order from this Court permitting it to file a Second Amended Complaint forty-five (45) days after an Order is entered on its request for expedited discovery.

3

Plaintiff seeks to cause undue delay in this proceeding to obtain information it could have obtained had it simply participated in a Rule 26(f) conference as required by the Federal Rules of Civil Procedure. Defendant has a right to participate in discovery in this proceeding, and Plaintiff continues to interfere with Defendant's the right to do so causing undue prejudice. The position advanced by Plaintiff in its Motion can only be viewed as being made in bad faith. This proceeding has been pending for *months* and Plaintiff for the first time now seeks to determine the identity of "John Doe." The issue before the Court in Plaintiff's Motion could be resolved through the normal discovery procedures under the Federal Rules of Civil Procedure. The relief sought by Plaintiff will only cause undue delay in this proceeding and unduly prejudice Defendant from obtaining discovery necessary to defend its position in the instant lawsuit.

WHEREFORE, Defendant respectfully requests this Court enter an Order requiring Plaintiff to participate in a Rule 26(f) conference within five (5) days from the entry of an Order, denying Plaintiff's request for expedited discovery, denying Plaintiff's request for leave to amend, and granting all such other relief as just and proper.

Respectfully Submitted,

BUSINESS LAW SOUTHWEST LLC

 /s/ Donald F. Kochersberger III
Donald F. Kochersberger III
320 Gold Ave. SW Ste. 610
Albuquerque, NM 87102
505-848-8581 (phone)
505-848-8593 (fax)
Donald@BusinessLawSW.com

-and-

BLEAKLEY BAVOL DENMAN & GRACE

 /s/ *J. Ronald Denman*
J. Ronald Denman, Esq.
Florida Bar No.: 0863475
Victoria Pearce, Esq.
Florida Bar. No.: 100806
15316 N. Florida Avenue
Tampa, FL 33613
813-221-3759
rdenman@bbdglaw.com
nlafferty@bbdglaw.com
eservice@bbdglaw.com
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of August 2020, the foregoing was filed electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

 */s/ Donald F. Kochersberger III*
Donald F. Kochersberger III

5