UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHOQ, LLC,
a Texas Limited Liability Company

    Plaintiff,

v.                                                                                  CASE NO.: 1:20-cv-00404-NF-KHR

HOLISTIC HEALING, LLC,
a New Mexico limited liability company, and
JOHN DOE, an individual,

    Defendants.

## RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND FOR AN EXTENSION OF TIME TO FILE ITS SECOND AMENDED COMPLAINT

Defendant, HOLISTIC HEALING, LLC ("Holistic Healing" or "Defendant"), by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the United States District Court District of New Mexico Local Rules of Civil Procedure, hereby files this Response to Plaintiff's Motion for Leave to File a Second Amended Complaint and for an Extension of Time to File its Second Amended Complaint [Doc 33 and 35], and in support hereof states:

I. **SUMMARY OF THE ARGUMENT**

CHOQ, LLC ("Plaintiff") served its Amended Complaint on Defendant on or about April 29, 2020. Counsel appeared in the above-captioned matter on behalf of Defendant on May 21, 2020. To date, Plaintiff has sought to unreasonably delay this matter, continue to make unfounded attacks against Defendant, and prevent Defendant from conducting discovery. Notably, Plaintiff has already filed an Amended Complaint, yet now, months later, seeks to file another amended complaint without good cause for the delay. Plaintiff, without basis or reason, seeks an extension

to file its purported second amended complaint but does not support its request to do so. Accordingly, Plaintiff 's Motion should be denied due to unjust delay.

## II. MEMORANDUM OF LAW AND ARGUMENT

### A. PLAINTIFF SHOULD NOT BE PERMITTED TO FILE A SECOND AMENDED COMPLAINT.

Plaintiff seeks authority from this Court to file a Second Amended Complaint. While granting leave to amend should be freely granted, leave to amend should not be permitted if doing so would cause undue delay, undue prejudice to the opposing party, or is made in bad faith. *Wagner Equip. Co. v. Wood*, 289 F.R.D. 347, 349 (D.N.M. 2013) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "Undue delay will be a sufficient reason to deny leave to amend 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, […], or to knowingly delay raising an issue until the eve of trial." *Id.* (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

Presently, Plaintiff seeks an Order from this Court permitting it to file a Second Amended Complaint. Plaintiff has unduly delayed this proceeding and continuously thwarted and denied Defendant the right to conduct discovery into its claims. Plaintiff continues to interfere with Defendant's the right to conduct discovery and has caused undue prejudice at this juncture. Notably, Plaintiff has represented to Defendant, and the Court, that it will seek to file a Third Amended Complaint at some point in this litigation. The position advanced by Plaintiff in its Motion can only be viewed as being made in bad faith. This proceeding has been pending for **months** and Plaintiff seeks to continue to keep the pleadings in a state of limbo to prevent Defendant from moving this litigation forward. The relief sought by Plaintiff will only cause

undue delay in this proceeding and unduly prejudice Defendant from obtaining discovery necessary to defend its position in the instant lawsuit. Plaintiff should not be permitted to continuously amend its complaint. Based on Plaintiff's representations that this will not be the last request to amend the complaint, this request should be denied.

WHEREFORE, Defendant respectfully requests this Court enter an Order requiring Plaintiff to participate in a Rule 26(f) conference within five (5) days from the entry of an Order, denying Plaintiff's request for leave to amend, and granting all such other relief as just and proper.

Respectfully Submitted,

BUSINESS LAW SOUTHWEST LLC

 /s/ Donald F. Kochersberger III
Donald F. Kochersberger III, Esq.
320 Gold Ave. SW Ste. 610
Albuquerque, NM 87102
505-848-8581 (phone)
505-848-8593 (fax)
Donald@BusinessLawSW.com

-and-

BLEAKLEY BAVOL DENMAN & GRACE

 /s/ J. Ronald Denman
J. Ronald Denman, Esq.
Florida Bar No.: 0863475
Victoria Pearce, Esq.
Florida Bar. No.: 100806
15316 N. Florida Avenue
Tampa, FL 33613
813-221-3759
rdenman@bbdglaw.com
nlafferty@bbdglaw.com
eservice@bbdglaw.com

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 28th day of October, 2020, a true and correct copy of the foregoing was filed via the Court's CM/ECF system to the following parties and a copy thereof was served electronically upon all counsel of record, as reflected by the Court's CM/ECF system.

Kristina Martinez
EGOLF + FERLIC +
MARTINEZ + HARWOOD, LLC
123 W. San Francisco St., Second Floor
Santa Fe, NM 87501
(505) 986-9641
kmartinez@EgolfLaw.com


John Di Giacomo
Eric Misterovich
Amanda Osorio
REVISION LEGAL, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
(231) 714-0100
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com


*/s/ Donald F. Kochersberger III*
Donald F. Kochersberger III